UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| BRANDON TEGTMEIER, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiffs, | ) Case No. 3:15-cv-00110-JEG-HCA ) ) |
| v. | ) BRIEF IN SUPPORT OF ) DEFENDANT'S SECOND MOTION ) TO DISMISS |
| PJ IOWA, L.C., | ) ) |
| Defendant. | ) |

In his Amended Complaint, Plaintiff brings seven claims against Defendant PJ Iowa, L.C. Counts I-III allege various violations of the Fair Labor Standards Act's (FLSA) minimum wage requirement and are pled as *collective actions*, while Counts IV-VII allege violations of the Iowa Minimum Wage Law (IMWL) and Iowa Wage Payment Collection Law (IWPCL) and are pled as *class actions.* Much like his original Complaint, Counts IV-V of Plaintiff's Amended Complaint are wholly dependent on Plaintiff's ability to prove a minimum wage violation, are based on factual allegations identical to those that form the bases of Counts II-III, and seek relief identical to that sought in Counts II-III.[1] However, the FLSA preempts state law claims that are duplicative of FLSA claims. Because that is the case here, and because Counts VI and VII also fail as a matter of law, Defendant respectfully requests Plaintiff's state law claims be dismissed under Fed. R. Civ. Pro. 12(b)(6).

I. **Factual Background.**[2]

Defendant owns 26 Papa John's franchise restaurants in Iowa, Illinois, and South Dakota. Complaint at ¶ 1. Plaintiff Tegtmeier was employed as a delivery driver at Defendant's

---

[1] In an attempt to evade complete duplication, Plaintiff also pleads, in conclusory fashion, that Defendant's alleged failure to adequately reimburse vehicle and driving record expenses constitutes a deduction for purposes of Iowa Code § 91A.5. *See* Doc. 18 at ¶ 155 (Count IV). But as discussed further below, an unreimbursed business expense is not a "deduction" from pay.

[2] PJ Iowa accepts certain allegations from the Complaint as true only for purposes of this Motion.

1

Davenport, Iowa restaurant. *Id.* ¶ 10. As a tipped delivery driver, Plaintiff was paid a subminimum cash wage of $5.50 per hour, plus tips and expense reimbursements. *Id.*at ¶¶ 26-29. Plaintiff alleges the reimbursement amount he received was not sufficient to cover his automobile expenses; thus, he claims his compensation fell short of the minimum wage. *Id.* at ¶¶ 36-41. Plaintiff also claims he spent at least 20% of his work time performing non-tipped duties, but received only the subminimum, tipped wage for performing those duties. *Id.* at ¶¶ 80-89. Finally, Plaintiff alleges his wages once again fell short of the minimum because the cost of certain uniform items was deducted from his paycheck and he was not reimbursed for the cost of obtaining his driving records. *Id.*at ¶ 42-52. Plaintiff pursues these various minimum wage claims as both collective actions under the FLSA (*see* Count I-III) and class actions under the IMWL (*see* Counts IV-V) and the IWPCL (*see* Counts VI-VII).

## II. The FLSA Preempts Plaintiff's Duplicative IMWL Claims (Counts IV-V).

In Counts IV and V of his Amended Complaint, Plaintiff alleges violations of Iowa's minimum wage (which is the same as the federal minimum wage) based on:

- Defendant's alleged failure to adequately reimburse Plaintiff for his vehicle expenses;
- Defendant's alleged failure to reimburse Plaintiff for the cost of his driving record; and
- Defendant's alleged deduction of the cost of Plaintiff's uniform items from his paycheck.

But these claims merely duplicate Plaintiff's FLSA claims because (1) they arise from the same factual allegations and (2) they are based on nearly identical legal provisions. For the Court's convenience, the following chart illustrates the factual and legal bases underlying Plaintiff's duplicative claims.

2

| Factual Claim | Related Counts | Relevant Legal Language |
|---|---|---|
| Defendant's alleged failure to adequately reimburse Plaintiff for his vehicle expenses caused a minimum wage violation. | Count II (FLSA) Count IV[3] (IMWL) | 29 C.F.R. § 531.35: The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash.<br><br>IAC 875-217.35(91D): The wage requirements will not be met where the employee "kicks back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kickback" is made in cash or in other than cash. |
| Defendant's alleged failure to reimburse Plaintiff for the cost of his driving record caused a minimum wage violation. | Count III (FLSA) Count IV (IMWL) | 29 C.F.R. § 531.35: The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash.<br><br>IAC 875-217.35(91D): The wage requirements will not be met where the employee "kicks back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kickback" is made in cash or in other than cash. |
| Defendant's alleged deduction of the cost of Plaintiff's uniform items from his paycheck caused a minimum wage violation. | Count III (FLSA) Count V (IMWL) | 29 C.F.R. § 531.36(b): Deductions for articles such as tools, miners' lamps, dynamite caps, and other items which do not constitute "board, lodging, or other facilities" may likewise be made in nonovertime workweeks if the employee nevertheless received the required minimum wage in cash free and clear; but to the extent that they reduce the wages of the employee in any such workweek below the minimum required by the Act, they are illegal.<br><br>IAC 875-217.36(2)(91D): Deductions for articles such as tools, miners' lamps, dynamite caps, and other items which do not constitute "board, lodging, or other facilities" may likewise be made if the employee nevertheless received the required minimum wage in cash free and clear; but to the extent that they reduce the wages of the employee in any such workweek below the minimum required, they are illegal. However, any deduction indicated as being permitted must meet the requirements of Iowa Code section 91A.5. |

---

[3] Counts IV and V also reference an IMWL regulation prohibiting the inclusion of the costs of tools and certain other materials in the minimum wage (See ¶¶ 123, 138). But these references are unsupported by any factual allegations indicating Defendant has included such costs in Plaintiff's wages. Indeed, there can be no such factual support as Defendant has not included such costs in Plaintiff's (or any other employee's) wages.

3

Moreover, Plaintiff seeks identical relief for his FLSA and IMWL claims (*i.e.,* compensatory damages, liquidated damages, and attorney fees and costs). Thus, appending his IMWL claims to his FLSA claims "does not allow the [Plaintiff] to recover any additional relief." *Zanders v. Wells Fargo Bank, N.A.*, 55 F. Supp. 3d 1163, 1175 (S.D. Iowa 2014).

Given that Plaintiff seeks identical relief in both his FLSA and IMWL claims, and the claims are premised on identical factual allegations and nearly identical legal provisions, Plaintiff's appendage of the IMWL claims is nothing more than an attempt to circumvent § 216(b)'s opt-in procedure for collective actions in favor of Rule 23's more generous opt-out procedure for class actions. Plaintiff should not be permitted to defeat the FLSA's opt-in requirement by pursuing identical claims under state law. Moreover, the presence of both collective and class action claims, especially when those claims are identical, presents an irreconcilable conflict. Even Plaintiff appears to recognize this incompatibility by simultaneously, and inconsistently, alleging joinder of other putative plaintiffs is "impracticable," but "plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential class members may be notified of the pendency of this action via mail or e-mail." Doc. 18 at ¶¶ 61 and 55, respectively.

Although the Eighth Circuit has not directly considered whether this conflict causes the FLSA to preempt state-law claims, it has twice acknowledged there is a "fundamental, irreconcilable difference" between Rule 23 opt-out class actions and § 216(b) opt-in collective actions. *McKenna v. Champion Intern. Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984), *abrogated on other grounds by Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480, (1989) (articulating the differences between Rule 23 class actions and 216(b) collective actions in the context of a dispute regarding the propriety of notice to putative

plaintiffs in a case filed under 216(b)) (citing *Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 536 (8th Cir. 1975)).

The Eighth Circuit's recognition of the fatal incongruities between Rule 23 and § 216(b) is consistent with Congress' conclusion that joinder of individual plaintiffs is the appropriate and superior method of adjudicating group wage claims in Federal Courts. *See* Portal-to-Portal Act of 1947, 61 Stat. 84, § 5. In so doing, Congress categorically rejected the notion that *representative* class actions (*i.e.*, actions involving absent plaintiffs) are superior to the collective action model for litigating wage claims. *Arrington v. Nat'l Broad. Co.,* 531 F. Supp. 498, 501 (D.D.C. 1982) (implicitly recognizing the superiority of collective actions by noting Congress enacted § 216's ban on class actions "to prevent large group actions, with their vast allegations of liability, from being brought on behalf of employees who had no real involvement in, or knowledge of, the lawsuit"); *Otto v. Pocono Health Sys.,* 457 F. Supp. 2d 522, 523-24 (M.D. Pa. 2006) ("Congress created the opt-in procedure under the FLSA for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions." (quotations and citations omitted)). *See also Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989) (noting the FLSA was drafted with the aim of "limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions").

As this Court has recognized, § 5 of the Portal-to-Portal Act sought to strike a "balance between protecting employees and shielding employers from excessive liability." *Zanders*, 55 F. Supp. 3d at 1174. Allowing Plaintiff to simultaneously pursue claims under the FLSA and an identical state law, just so he can take advantage of Rule 23, would significantly undermine this balance. Moreover, it would defeat the underlying purpose of § 216(b)'s affirmative opt-in

requirement. *See, e.g., Ramsey v. Ryan Beck & Co., Inc.,* 2007 WL 2234567, at *2 (E.D. Pa. Aug.1, 2007) (collecting cases and stating "permitting a FLSA collective action to be litigated with a Rule 23 state-law class action would nullify Congress's intent in crafting ... § 216(b) and eviscerate the purpose of § 216(b) 's opt-in requirement.").

Allowing Rule 23 class actions and 216(b) collective actions to proceed in the same lawsuit is also likely to lead to confusion among putative plaintiffs. As aptly recognized in *Edwards v. City of Long Beach,*, 467 F.Supp.2d 986, 992 (C.D. Cal. 2006), "[i]f both a §216(b) collective action and a Rule 23 class action were allowed to proceed, confusion would result from requiring potential plaintiffs to both opt-in and opt-out of the claims in the suit." This inconsistency may ultimately lead to unintended consequences. As noted in *Edwards*:

> Thus, if only a few plaintiffs opt-in to the FLSA class after the court were to certify a Rule 23 state law class, the court might be faced with the somewhat peculiar situation of a large number of plaintiffs in the state law class who have chosen not to prosecute their federal claims.

*Id.* Stated more colorfully, the Plaintiff would be using "a federal tail to wag what is in substance a state dog." *Id.*

This confusion will manifest itself most blatantly through the dueling notices that would be required should the Court certify this action under the FLSA and Rule 23. One notice would necessarily instruct Iowa recipients that nothing more is required to join, but they may choose to opt out of the class. The other would instruct recipients in each state wherein PJ Iowa has operations, *including those in Iowa who would also receive the opt-out notice*, that they must affirmatively opt into the collective action. The differing notices would undoubtedly confuse putative plaintiffs. *See McClain v. Leona's Pizzeria, Inc*., 222 F.R.D. 574, 577 (N.D. Ill. 2004), ("[I]t may be confusing for a potential class member to receive a notice indicating that they must opt out of some claims and opt in to others.").

Consequently, Plaintiff's minimum wage claims under the IMWL should be dismissed.

### III. Count VI Fails as a Matter of Law Because Unreimbursed Business Expenses, Such as Plaintiff's Vehicle Costs and Driving Record Costs, Are Not Deductions.

In Count VI of his Amended Complaint, Plaintiff alleges Defendant's failure to reimburse Plaintiff for his vehicle expenses and driving records violates § 91A.5 (Deductions from Wages) of the Iowa Wage Payment Collection Law because these unreimbursed expenses "legally constitute deductions." *See* ¶ 155. But § 91A.5 refers to line item deductions taken from an employee's paycheck – not unreimbursed business expenses. Indeed, other sections of the IWPCL make it clear expense reimbursements are not synonymous with deductions. For instance, § 91A.7 (Wage Disputes) states

> If there is a dispute between an employer and employee concerning the amount of wages or *expense reimbursement* due, the employer shall, without condition and pursuant to section 91A.3, pay all wages conceded to be due and reimburse all expenses conceded to be due, *less any lawful deductions specified in section 91A.5*. Payment of wages or reimbursement of expenses under this section shall not relieve the employer of any liability for the balance of wages or expenses claimed by the employee.

(Emphasis added). The text of this section, which treats deductions and expense reimbursements separately, shows that the IWPCL does not equate the two. Moreover, if the IWPCL's wage deduction provision was intended to encompass an employer's failure to reimburse an employee's business expenses, Iowa's anti-kickback regulation, IAC 875-217.35(91D), would be rendered redundant.

Because Plaintiff does not allege there have been line item deductions from his pay related to his vehicle expenses or driving record (and, indeed, there have not been), his claim for any improper deduction related to these items must fail.

### IV.  Count VII Also Fails as A Matter of Law Because Plaintiff Authorized the Deduction for His Additional Uniform Items in Writing.

Despite Plaintiff's allegations to the contrary, he did sign a written authorization allowing Defendant to deduct the cost of additional uniform items from his paycheck. *See* Ex. 1. This written authorization is properly considered on this motion to dismiss because it is integral to Plaintiff's claim. *See Bank of New York Mellon Trust Co. v. Morgan Stanley Mortg. Capital*, *Inc.*, No. 11 Civ. 0505, 2011 WL 2610661, at *3 (S.D.N.Y. June 27, 2011) ("'Plaintiffs' failure to include matters of which as pleaders they had notice and which were integral to their claim—and that they apparently most wanted to avoid—may not serve as a means of forestalling the district court's decision on the motion.'" (*quoting Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 44 (2d Cir. 1991))). Moreover, excluding the evidence from consideration on this Motion to Dismiss would "give the lie" to a specious factual presentation to the Court – *i.e.,* that Plaintiff did not sign such an authorization. *See* ¶ 170. *See Karmilowicz v. Hartford Fin. Servs. Grp.*, No. 11 Civ. 539 2011 WL 2936013, at *5 (S.D.N.Y. July 14, 2011) (same quote from *Cortec. Inc.*).

Because Plaintiff signed a written authorization allowing Defendant to deduct the cost of additional uniform items from his pay, Count VII must be dismissed.

### V.  Conclusion.

Plaintiff seeks to pursue his claims for alleged violations of the minimum wage using both collective and class action devices. But Plaintiff's IMWL class action claims – which are identical to his federal collective action claims – are preempted by the FLSA. Moreover, the irreconcilable differences between the class action and collective action device make it inappropriate for Plaintiff to pursue both in the same litigation. Plaintiff's IWPCL claims

similarly fail as a matter of law. For all of these reasons, Defendant PJ Iowa respectfully requests the Court's Order dismissing Plaintiff's state law claims.

        Respectfully Submitted:

        /s/ Bryan P. O'Neill
        Jill R. Jensen-Welch, AT0003875
        Bryan P. O'Neill, AT0011024
        OF
        DICKINSON, MACKAMAN, TYLER & HAGEN, P.C.
        699 Walnut Street, Suite 1600
        Des Moines, Iowa  50309-3986
        Telephone:  (515) 244-2600
        FAX:  (515) 246-4550
        jjensen@dickinsonlaw.com
        boneill@dickinsonlaw.com

        Patrick F. Hulla, *pro hac vice*
        Jennifer K. Oldvader, *pro hac vice*
        OGLETREE, DEAKINS, NASH,
         SMOAK & STEWART, P.C.
        4520 Main Street, Suite 400
        Kansas City, MO 64111
        Telephone: 816.471.1301
        Facsimile: 816.471.1303
        Patrick.hulla@ogletreedeakins.com
        jennifer.oldvader@ogletreedeakins.com

        **ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2015, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Bruce H. Stoltze
STOLTZE & UPDEGRAFF, P.L.C.
300 Walnut Street, Suite 260
Des Moines, Iowa 50309
Bruce.stoltze@stoltzelaw.com

Mark A. Potashnick
WEINHAUS & POTASHNICK
11500 Olive Blvd., Suite 133
St. Louis, MO 63141
markp@wpattorneys.com

Eli Karsh
LIBERMAN, GOLDSTEIN & KARSH
230 South Bemiston Ave., Suite 1200
Clayton, Missouri 63105
elikarsh@aol.com

**ATTORNEYS FOR PLAINTIFF**

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

None

/s/ Tiffany A. Roosa
Tiffany A. Roosa