UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| BRANDON TEGTMEIER, on behalf of himself and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>PJ IOWA, L.C.,<br><br>    Defendant. | Case No. 3:15-cv-00110-JEG-HCA<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S RULE 67 MOTION FOR ORDER ALLOWING IT TO DEPOSIT SETTLEMENT FUNDS WITH COURT** |

## I.    OVERVIEW

Defendant's motion to dismiss should be denied in full because (1) since the Supreme Court's recent decision in *Campbell-Ewald v. Gomez ("Gomez")*, 136 S.Ct. 663, 672 (2016), federal district courts have denied similar requests to deposit funds with those courts for the purpose of mooting of a named plaintiff's claims prior to full and fair opportunity to obtain class certification, as dictated by the Supreme Court itself in *Gomez*; (2) Defendant admits that the $6,000.00 amount it seeks to deposit will not provide full relief as that amount excludes attorney's fees and costs; and (3) Defendant has failed to show, and Plaintiff does not concede at this time, that $6,000.00 would be sufficient to pay all of Plaintiff's damages, even without considering attorney's fees and costs.

## II.    PERTINENT FACTS

This suit was recently filed on October 15, 2015.  Doc. 1.

On January 15, 2016, the Court set an April 29, 2016 deadline for filing a motion for conditional certification of a collective action under the Fair Labor Standards Act ("FLSA") and

set a June 29, 2016 deadline to file a motion for class certification of the state claims pursuant to Fed. R. Civ. P. 23.  Doc. 29.

As Plaintiff's counsel informed Magistrate Judge Adams during its March 8, 2016 status conference, Plaintiff intends to file his motion for collective action certification within two weeks of that date, which will occur well in advance of the Court's deadline.

On March 7, 2016, Defendant offered "to settle Mr. Tegtmeier's claims for $6,000, as well as reasonable attorneys' fees, costs, and any other interest or relief provided by the relevant statutes, as determined by the Court, in exchange for a full release of all claims and dismissal with prejudice." Ex. 1.  In its settlement offer, Defendant did not admit liability, nor did it propose to remedy its ongoing violation of federal and state wage laws.  Instead, Defendant further explained its motive: "PJ Iowa is also filing a Rule 67 motion to deposit these funds with the Court, per the Supreme Court's recent ruling in *Gomez*. Should Mr. Tegtmeier not accept PJ Iowa's offer, which is equal to, or greater than, his alleged damages, PJ Iowa will move to dismiss based on lack of subject matter jurisdiction." *Id.*

Shortly thereafter on March 7, 2016, Defendant filed a Rule 67 Motion for Order Allowing it to Deposit Settlement Funds with Court.  Doc. 32.  In its supporting memorandum, Defendant again revealed its true motive:  "Defendant respectfully submits that Plaintiff's claims will, thereby, be mooted in their entirety."  Doc. 32-2, at 1.  Not only did Defendant end its supporting memorandum by requesting leave to deposit funds with the Court, but Defendant also demanded "dismissal with prejudice or a finding by this Court that this action should be dismissed for lack of subject matter jurisdiction."  Id., at 3.  Likewise, in its proposed order, Defendant requests that the Court grant it "dismissal with prejudice or a finding by this Court that this action should be dismissed for lack of subject matter jurisdiction."  Doc. 32-1.

On March 9, 2016, Plaintiff's counsel informed Defendant that "Plaintiff declines Defendant's offer conveyed in your email below [quoted above]." Ex. 2.  Plaintiff further informed Defendant at that time that he "do[es] not concede that your offer encompasses the maximum amount of damages."  Ex. 2.

## III.    **ARGUMENT**

**A.     Since *Gomez,* the Federal Courts Have Rejected Similar Attempts to Moot Claims through Deposit of Funds Under Rule 67**

In *Gomez*, the defendant (a company which sent unsolicited text messages to plaintiff and others) proposed a settlement of full financial relief for the plaintiff and, in addition, a stipulated injunction in which it agreed to stop sending text messages in violation of federal law; however, the defendant denied liability. *Gomez*, 136 S.Ct. at 668. The majority in *Gomez* decided, "We hold today, in accord with Rule 68 of the Federal Rules of Civil Procedure, that an unaccepted settlement offer has no force.  Like other unaccepted contract offers, it creates no lasting right or obligation.  With the offer off the table, and the defendant's continuing denial of liability, adversity between the parties persists." *Id*. at 666.  In this case, as in *Gomez*, there is no accepted settlement offer and Defendant continues to deny liability; in addition, unlike the defendant in *Gomez*, Defendant herein has not stipulated to stopping or correcting its illegal pay practices.  In *Gomez*, the Supreme Court concluded, "In short, with no settlement offer still operative, the parties remained adverse; both retained the same stake in the litigation they had at the outset." *Id*. at 670-71.  The same is true in this case.

Just last week, a district court within this Circuit squarely rejected the same request to deposit funds pursuant to Rule 67 in an effort to moot a named plaintiff's claim prior to a class certification decision.  In *Bais Yaakov of Spring Valley v. Varitronics, LLC ("Veritronics")*, the District of Minnesota first recognized that the Supreme Court left unanswered the question of

whether tender of complete relief can moot a named plaintiff's claim.  2016 U.S. Dist. LEXIS 28974, *1-2 (D. Minn. Mar. 1, 2016) (citing *Gomez,* 136 S.Ct. 663, 672 (2016)). Like here, no class certification motion had yet been decided in *Veritronics. Id.*, at 2.  That court observed the Supreme Court's express warning in *Gomez* that "a plaintiff who seeks to represent a class, 'must be accorded a fair opportunity to show that certification is warranted.'"  *Id.*, at 2 (citing *Gomez*, 136 S.Ct. at 672).  It recognized that, "[a]s there is no purpose to the deposit defendant seeks to make other than to moot the case, and as Plaintiff has not yet had a fair opportunity to show that class certification is warranted, for the reasons set forth in *Brady* [*v. Basic Research,* 2016 U.S. Dist. LEXIS 14340 (E.D.N.Y. Feb. 3, 2016)], the motion should be DENIED."  *Veritronics* also distinguished an unreported decision in *Bais Yaakov v. Graduation Source, LLC ("Graduation Source"),* Case No. 7:14-3232 (S.D.N.Y. 2016) (ECF No. 63) on the basis that the court had previously denied the plaintiff's motion for class certification in *Graduation Source.*  2016 U.S. Dist. LEXIS 28974, at *2.

*Veritronics* follows *Brady*, and reaches the same conclusion.  *Brady* similarly concluded that "given the Supreme Court's directive that 'a would-be class representative with a live claim of her own *must be accorded a fair opportunity* to show that certification is warranted, *Gomez,* 136 S.Ct 663, [WL] at *11 (emphasis added), the Court finds that granting the Defendants' Rule 67(a) Motion is not warranted."  2016 U.S. Dist. LEXIS at *6.  In addition, the *Brady* court noted that "Rule 67 is a 'procedural device ... intended to provide a place for safekeeping for disputed funds pending resolution of a legal dispute and not to provide a means of altering the contractual relationships and legal duties of each party.' "  *Id.* (citation omitted).

This case is like *Veritronics* and *Brady*.  Plaintiff has not yet had a full and fair opportunity to move for collective or class action certification.  Thus, as in those cases, this Court should deny

Defendant's request to deposit funds in an admitted effort to obtain dismissal based on mootness, a tactic not within the purview of Rule 67.

**B.      Even if Deposit of $6,000.00 with the Court were Permissible, Defendant Fails to Moot the Claims**

As Defendant points out in its supporting memorandum, the Supreme Court recently held in *Gomez* that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case[.]"  *Id.,* at 672; *see also, e.g., Varitronics,* at *1 (*Gomez* holds that an unaccepted Rule 68 offer "does not moot the case, even if the offer of judgment is in the full amount of Plaintiff's individual claim.").  First, Plaintiff has already rejected Defendant's offer.  Thus, Plaintiff's claim cannot be mooted.  Moreover, Defendant's motion for leave to deposit the *same funds* referenced in its March 7, 2016 settlement offer is moot because that offer was already rejected on March 9, 2016.

Defendant argues that the Supreme Court left unanswered the question of whether "fully depositing the relief offered, whether with the Court or a depository institution, moots the plaintiff's claims."  Doc. 32-2, at 2.  Defendant has not even sought to "fully deposit" the relief offered.  Defendant has only *offered to pay* an unspecified and yet-to-be determined amount of attorney's fees and costs, but Defendant has neither quantified that amount nor requested leave to deposit those fees and costs with the Court.  *See, e.g.,* Doc. 32 ("Defendant hereby moves the Court for an Order pursuant to Federal Rule of Civil Procedure 67(a) allowing it to deposit funds in the amount of $6,000.00, which is equal to or greater than the full amount of wages and liquidated damages that would allegedly be due to Plaintiff under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the Iowa Minimum Wage Law, and/or the Iowa Wage Payment Collection Law, for all the uncompensated wages he alleges he is owed."); Doc. 32-2 ("Defendant respectfully asks this Court for an order pursuant to Fed. R. Civ. Pro. 67(a), allowing it to deposit funds with

the Court in the amount of $6,000.00, to be disbursed to Plaintiff upon either his acceptance of Defendant's settlement offer and dismissal with prejudice or a finding by this Court that this action should be dismissed for lack of subject matter jurisdiction.")  Thus, Defendant proposes a scheme which will not provide full relief or moot the claims, but merely an offer of a later payment contingent on further litigation.  In sum, Defendant fails to even propose "full depositing of the relief offered."

**C.     Plaintiff Does Not Concede that $6,000.00 will Provide Him Full Relief**

Defendant represents to the Court that $6,000.00 will provide Plaintiff "full relief."  But, Defendant presents no calculations or supporting evidence whatsoever.  Plaintiff did produce a damage calculation in discovery based on an "estimate" of $.50 per mile cost to operate a vehicle to deliver Defendant's pizzas to its customers.  Ex. 3.  However, as stated in that response, that is just an "estimate."  These vehicle reimbursement cases ultimately depend on expert testimony. *Perrin v. Papa John's Int'l., Inc.,* 2013 U.S. Dist. LEXIS 181749, *8-15 & 23-24 (E.D. Mo. Dec. 31, 2013) (denying a *Daubert* challenge to plaintiffs' vehicle costing expert and recognizing that such expert analysis may constitute common proof of class members' claims); *Perrin v. Papa John's Int'l., Inc.,* 2014 U.S. Dist. LEXIS 133974, *12-14 (E.D. Mo. Sept. 24, 2014) (recognizing representative evidence upon which parties' experts may determine reasonable vehicle cost reimbursement rates).  If the reasonable reimbursement rate turns out to be the IRS standard business mileage rate in effect during Plaintiff's employment in 2014 or a similar rate, such as the American Arbitration Association ("AAA") rate for a mid-sized sedan for that year, then Plaintiff's damages exceed $6,000.00.  Exs. 4-7.  Thus, Defendant has failed to show that the $6,000.00 it seeks to deposit with the Court will provide Plaintiff full relief (even ignoring for the moment

attorney's fees and costs) and Plaintiff does not concede at this time that $6,000.00 will provide him full relief.

### IV.    CONCLUSION

Defendant's motion to dismiss should be denied in full because (1) since the Supreme Court's recent decision in *Gomez*, federal district courts have denied requests to deposit funds with those courts for the purpose of mooting of a named plaintiff's claims prior to full and fair opportunity to obtain class certification, as dictated by the Supreme Court itself in *Gomez*; (2) Defendant admits that the $6,000.00 amount it seeks to deposit will not provide full relief as that amount excludes attorney's fees and costs; and (3) Defendant has failed to show, and Plaintiff does not concede at this time, that $6,000.00 would be sufficient to pay all of Plaintiff's damages, even without considering attorney's fees and costs.

Respectfully submitted,

Bruce H. Stoltze AT 0007521
STOLTZE & UPDEGRAFF, P.L.C.
300 Walnut Street, Suite 260
Des Moines, Iowa  50309
Telephone:     515-244-1473
Fax:              515-244-3930
Email:  bruce.stoltze@stoltzelaw.com

By:  _____/s/ Mark Potashnick_____
Mark A. Potashnick (admitted *pro hac vice*)
WEINHAUS & POTASHNICK
11500 Olive Blvd., Suite 133
St. Louis, Missouri  63141
Telephone:  (314) 997-9150
Facsimile:  (314) 997-9170
Email:  markp@wpattorneys.com

Eli Karsh (admitted *pro hac vice*)
LIBERMAN, GOLDSTEIN & KARSH
230 South Bemiston Ave., Suite 1200
Clayton, Missouri   63105
Telephone: (314) 862-3333 Ext 13
Facsimile:   (314) 862-0605
Email:  elikarsh@aol.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The foregoing was served on all attorneys of record via the Court's electronic case filing system on the date reflected in the Court's electronic case filing records.

/s Mark Potashnick